IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Richard and Catherine Snyder,　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　Case No.  1:08cv1270(GBL)
　　　　　　　　　　　　　　　　　　)
Greenberg Traurig, LLP., et al., )
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　)

## MEMORANDUM OPINION

THIS MATTER is before the Court on 1) Defendant Diane Von
Furstenberg Studio's ("DVF") Motion to Dismiss Plaintiffs'
Complaint; and 2) Greenberg Traurig Defendants' Motion to Dismiss
Pursuant to Rule 12(b)(6) and Request for Payment of Costs and a
Stay of Proceedings Pursuant to Federal Rule of Civil Procedure
41(d).  This case concerns Plaintiffs Richard and Catherine
Snyder's claims against Defendant DVF and its previous attorneys
for the allegedly improper execution of a court-authorized search
of Plaintiffs' home and subsequent seizure of property, including
counterfeit DVF goods being sold by Mrs. Snyder over the
internet.  There are two (2) issues before the Court.  The first
issue is whether Plaintiffs' claims are barred by claim
preclusion where DVF previously sued the Snyders for trademark
infringement and the court-authorized search of the Snyders' home
was part of that previous lawsuit.  The second issue is whether
the Court should grant the Law Defendants' motion for costs where
Plaintiffs, who were then proceeding pro se, dismissed their

original claims and later reasserted some of the same claims
through counsel.

The Court grants Defendants' Motions to Dismiss.[1]  The Court
holds that Plaintiffs' claims are precluded because the
fraudulent trademark registration and improper search and seizure
claims that Plaintiffs now assert arise from the same series of
transactions as the 2006 litigation and because the present
parties were all parties or their privies in the earlier suit.
The Court denies the Law Defendants' Motion for Costs because
awarding costs in this case would not serve the purposes of Rule
41(d).  The Court discusses each of its holdings in greater
detail below.

## I.  BACKGROUND

Plaintiffs Richard and Catherine Snyder are husband and
wife. Defendant Diane Von Furstenberg Studio is a limited
partnership engaged in the business of manufacturing and selling
designer clothing and goods.  Defendant Greenberg Traurig, LLP,
is the law firm that represented DVF in its 2006 action against

---

[1]The First Amended Complaint does not clearly set forth which
claims are alleged as to which Defendants.  As such, the Court
construes the First Amended Complaint as alleging all counts
against all named Defendants and dismisses all counts as to all
Defendants.

Plaintiffs.  Defendants Mr. Harley Lewin, Ms. Janet Shih Hajek,
and Mr. Steve Wadyka (collectively, with Greenberg Traurig, "the
Law Defendants") are the attorneys who represented DVF in the
previous action.

   The facts of the present action bear a stark resemblance to
those of the 2006 action.  In November 2006, DVF, through its
counsel, the Law Defendants, filed an action in this Court
against the Snyders for selling counterfeit DVF products over the
internet.[2]  On December 4, 2006, DVF filed an ex parte motion for
a seizure order.  During an ex parte hearing, the Law Defendants
moved the Court for a search and seizure order and the issuance
of a temporary restraining order ("TRO").

   Following the ex parte hearing, the Court issued a temporary
restraining order against Mrs. Snyder and authorized a search of
the Snyders' residence and seizure the following items:

   1.  Any and all unauthorized and unlicensed merchandise
   bearing the Von Furstenberg marks, as well as the means
   for making the same;

   2.  The books and records relating thereto, including
   but not limited to records and data contained in
   electronic format on computers, servers, hard drives,
   zip drives and disks;

   3.  The containers or vehicles in which the same are
   held or transported, which Defendants sell, attempt to
   sell or hold for sale; and

   4.  Any counterfeit Von Furstenberg product,

_____

[2]*Diane von Furstenberg Studio v. Snyder*, No. 1:06-cv-1356 (E.D.
Va.) (Cacheris, J.).

3

>   reproduction, copies or colorable imitations thereof,
>   including dresses or other items.[3]

Acting upon the Seizure Order issued by the Court, on
December 8, 2006, the Law Defendants, along with two members of
the Herndon Police Department, entered the home of the Snyders to
execute the search and seizure.  The Snyders allege that Mr.
Wadyka "flashed a badge" at the Herndon officers to induce them
to assist in the execution of the warrant.  According to the
Snyders, the Law Defendants conducted the search and directed the
Snyders at all times, intentionally giving the impression that
they were conducting the search under color of law.  Although the
Law Defendants were in the Snyders' home for approximately three
hours, the Herndon officers left after approximately one hour.
The Law Defendants recovered fifty-four counterfeit DVF dresses
during the search.  The Snyders allege, however, that the Law
defendants also removed dozens of items from their home that were
not covered by the warrant.  The Snyders did not raise a
challenge to the execution of the search and seizure before the
Court during the 2006 litigation.

Months after the search and seizure, on August 15, 2007, DVF
moved for summary judgment on all of its claims against the
Snyders.  In considering the motion as to the trademark
infringement claim, the Court found that the registration of

---

[3]Seizure Order, Dec. 7, 2006, Dkt. No. 17.

4

DVF's mark with the U.S. Patent and Trademark Office ("PTO")
created a presumption of its validity, which the Snyders failed
to rebut.  The Court granted DVF's motion as to the trademark
infringement, unfair competition, and trademark dilution claims
and permanently enjoined Mrs. Snyder from selling counterfeit DVF
products.  Mem. Op., Sept. 10, 2007, at 15.  On September 21,
2007, DVF dismissed its claims against Mr. Snyder with prejudice.
 On October 23, 2007, following a hearing on damages, the Court
entered judgment against Catherine Snyder and awarded DVF
$100,000 in statutory damages.

     On May 10, 2007, the Snyders filed suit in this Court
alleging violations of 42 U.S.C. 1983, intentional infliction of
emotional harm, and abuse of process against the Law Defendants
in relation to the execution of the Seizure Order at the Snyders'
home.  On June 25, the Law Defendants moved to dismiss those
claims.  On July 24, 2007, the day before the parties were to
serve discovery, the Snyders filed an Amended Complaint.  The Law
Defendants subsequently served discovery on the Snyders on July,
25, 2007, pursuant to the Discovery Order.  On July 30, 2007, the
Snyders dismissed their claims pursuant to Federal Rule of Civil
Procedure 41.

     On December 8, 2008, the Snyders filed a Complaint, again
alleging counts arising out of the execution of the Seizure Order
at their home.  On February 20, 2009, Plaintiffs filed the First

Amended Complaint, alleging the following eight claims:

    Count I - Cancellation of Trademark pursuant to 15
    U.S.C. § 1119 and damages for fraudulent registration;

    Count II - Deprivation of Property in violation of 42
    U.S.C. § 1983 and under *Bivens v. Six Unknown Named*
    *Agents of Fed. Bur. of Narcotics*, 403 U.S. 338 (1971);
    Count III - Deprivation of privacy and sanctity of home
    pursuant to 42 U.S.C. § 1983 and under *Bivens v. Six*
    *Unknown Named Agents of Fed. Bur. of Narcotics*, 403
    U.S. 338 (1971);

    Count IV - Abuse of Trademark Act authority (§ 1116);

    Count V - Abuse of Process;

    Count VI - Conversion and/or Trespass to Chattels;

    Count VII - Trespass; and

    Count VIII - False Imprisonment.

DVF and the Law Defendants now separately move for dismissal of

all claims against them. The Law Defendants also move for

payment of costs and a stay of the proceedings pursuant to

Federal Rule of Civil Procedure 41(d).

## II.    STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be

granted unless an adequately stated claim is "supported by

showing any set of facts consistent with the allegations in the

complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561

(2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6).

"A pleading that offers labels and conclusions or a formulaic

recitation of the elements of a cause of action will not do."

6

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555.  A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).  "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted.  *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it

7

rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## III.   ANALYSIS

The Court grants Defendants' Motions to Dismiss because Plaintiffs' claims are barred by the doctrine of claim preclusion.   The Court denies the Law Defendants' Motion for Costs because none of the stated purposes of Rule 41(d) would be served by awarding costs in this case.   The Court addresses each holding in order below.

### A.   Claim Preclusion

The Court grants Defendants' Motions to Dismiss Plaintiffs' claims because they are barred by claim preclusion.   "Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).   In addition to barring claims that were actually raised and fully litigated, claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th

8

Cir. 1989) (quoting *Brown v. Felson*, 442 U.S. 127, 131 (1979)).
Thus, claim preclusion bars a claim where the new litigation
"arises out of the same transaction or series of transactions as
the claim resolved by the prior judgment." *Pittston Co. v.
United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal
citations omitted).

Claim preclusion applies where there is "1) a final judgment
on the merits in a prior suit; 2) an identity of the cause of
action in both the earlier and the later suit; and 3) an identity
of parties or their privies in the two suits." *Pueschel v.
United States*, 369 F.3d 345, 354-55 (4th Cir. 2004); *see also
Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 650 (4th
Cir. 2005). Only the second and third factors are at issue in
this case.

1. Identity of the cause of action

The Court finds that there is an identity of the cause of
action in the present and 2006 suits. An identity of the cause
of action "does not turn on whether the claims asserted are
identical," but instead "turns on whether the suits and the
claims asserted therein 'arise out of the same transaction or
series of transactions or the same core of operative facts.'"
*Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81
F.3d 1310, 1316 (4th Cir. 1996)).

"Transaction" in the claim preclusion context refers to "a

9

natural grouping or common nucleus of operative facts."
*Pittston*, 199 F.3d at 704 (internal citations omitted).   In
assessing whether there is an identity of the cause of action
between two claims, courts will consider the "relatedness in
time, space, origin, or motivation" of the operative facts, "and
whether, taken together, they form a convenient unit for trial
purposes."  *Id.*

Here, all of Plaintiffs' presently asserted claims arise out
of the same series of transactions as DVF's 2006 lawsuit.
Plaintiffs' claims fall into two general categories: 1) a claim
challenging the validity of the DVF trademark; and 2) claims
challenging the execution of the court-authorized search and
seizure.

As to the challenge to the DVF trademark, Count I clearly
arises from the same core nucleus of operative fact because the
validity of the mark was considered and determined during the
2006 infringement action.   In the 2006 litigation, on August 15,
2007, DVF moved for summary judgment on all of its claims against
the Snyders, including its trademark infringement claim.   In
considering the trademark infringement claim and the mark's
validity, the Court stated that the first step in prevailing on a
trademark infringement claim is to show possession of a valid,
protectible trademark.   Mem. Op., Sept. 10, 2007, at 5 (quoting
*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43

F.3d 922, 930 (4th Cir. 1995)).  The Court acknowledged that
registration of the mark with the PTO served as prima facie
evidence of validity, thereby shifting the burden to the Snyders
to "introduce sufficient evidence to rebut the presumption of
plaintiff's right to . . . [exclusive] use." *Id.* (quoting *Keebler
Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 373 n.4 (1st Cir.
1980)).  The Court expressly noted that the Snyders did not "deny
that the DVF marks in this action are properly registered." *Id.*
at 6.  Instead, the Snyders argued that the marks were not
"currently used in commerce and thus are not valid or
protectible." *Id.*  The Court held that the Snyders failed to
rebut the presumption of validity created by the registration of
DVF's mark. *Id.*

     Now, in a separate suit brought roughly a year and a half
later, Plaintiffs attempt to revisit the issue of the mark's
validity and seek its cancellation, alleging that DVF committed
fraud in its trademark application by claiming current use of the
mark for many types of goods not manufactured under the DVF
trademark. (Am. Compl. ¶¶ 64-66, 69.)  Plaintiffs, however,
missed their opportunity to litigate this issue when they failed
to raise it during the 2006 proceedings.  As noted above, claim
preclusion bars not only the claims and defenses actually raised
and asserted, but also those "previously available to the
parties, regardless of whether they were asserted or determined

in the prior proceeding." *Peugeot*, 892 F.2d at 359.  Plaintiffs'
fraudulent registration claim was clearly available as a defense
during the 2006 litigation, but Plaintiffs failed to challenge
the registration of the mark at that time.  The Snyders did not
raise their fraudulent registration argument in the 2006 suit
when the validity of the DVF trademark was squarely before the
Court.  As such, Count I is barred.

Counts II through VII arise from the same series of
transactions as the 2006 suit because all of the counts concern
the execution of the Seizure Order which was obtained during, and
in furtherance of, the 2006 litigation.  DVF moved for a seizure
order which was granted by the Court.  Pursuant to the Court's
Order, the Law Defendants, with Herndon police, executed a search
of the Snyders' home and seized dozens of counterfeit DVF
dresses, among other things.  In acquiring evidence of the DVF
counterfeiting operation from the Snyders' home, DVF was able to
successfully move for summary judgment on several of its claims.
Thus, the series of transactions involved in the 2006 litigation
included the application for, granting, and execution of the
Seizure Order.

It is evident that Counts II through VII arise from the same
series of transactions.  In the First Amended Complaint,
Plaintiffs challenge the grounds asserted by DVF and the Law
Defendants in obtaining the Seizure Order.  (Am. Compl. ¶¶ 17-

12

24.)  They also allege various ways in which the Law Defendants improperly executed the search and seizure.  (Am. Compl. ¶¶ 27-47.)  The facts underlying Plaintiffs' present claims and those of the 2006 litigation, when "taken together . . . form a convenient unit for trial purposes." *Pittston*, 199 F.3d at 704. As such, Counts II through VII are barred.

Plaintiffs argue that preclusion in this case is properly determined using the rules of defendant preclusion.  Under defendant preclusion, a claim is barred only if 1) it was a compulsory counterclaim, or 2) it amounts to a collateral attack on the prior judgment. *See Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1324 (Fed. Cir. 2008) (applying defendant preclusion to a trademark cancellation claimant who was the defendant in a prior infringement action).  Plaintiffs argue that claim preclusion does not apply here because neither of the above factors are present.

Plaintiffs cite to no Fourth Circuit caselaw adopting this test.  As Fourth Circuit precedent makes clear, claim preclusion is not so strictly concerned with the party's specific role in the previous litigation, but instead more generally requires participation in the prior action or privity with one of the parties. *See, e.g., Pueschel*, 369 F.3d at 354 ("Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes *the parties or*

*their privies* from relitigating issues that were or could have been raised in that action.'") (citations omitted) (emphasis added)); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("[N]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available *to the parties*, regardless of whether they were asserted or determined in the prior proceeding." (citations omitted) (emphasis added)). Additionally, the greater focus is on whether the party had a full and fair opportunity to litigate her claims and defenses in the previous action. See *Dionne v. City of Baltimore*, 40 F.3d 677 (4th Cir. 1994) ("because of [its] drastic consequence, a critical predicate for applying claim preclusion is that the claimant shall have had a fair opportunity to advance all its "same transaction" claims in a single unitary proceeding.") Plaintiffs do not argue that they were in some way denied the opportunity to raise their claims in the previous action.

Plaintiffs also argue that their claims do not arise from the same nucleus of operative fact because their present claims were not compulsory counterclaims in the 2006 suit. Plaintiffs rely on Virginia's claim preclusion law for their position, but federal law determines the preclusive effect of a prior federal judgment. *Shoup v. Bell & Howard Co.*, 872 F.2d 1178, 1179 (4th

14

Cir. 1989).  The federal law of claim preclusion bars all claims that were available, not merely those that were compulsory.  *See Brown*, 442 U.S. at 131 ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."); *see also Meekins*, 946 F.2d at 1057.  The Court therefore rejects Plaintiffs' arguments and holds that there is an identity of the cause of action in the present and 2006 lawsuits.

    2.  Identity of parties or their privies

    The Court finds an identity of parties or their privies in the two suits as well.  "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin*, 407 F.3d at 651.  "The concept of privity requires an alignment of interests and not an exact identity of parties." *Weinberger v. Tucker*, 510 F.3d 486, 492 (4th Cir. 2007).

    As to Plaintiffs and DVF, there is an identity of parties.  In the 2006 suit, DVF brought claims against Mr. and Mrs. Snyder.  DVF voluntarily dismissed its claims against Mr. Snyder and obtained a judgment against Mrs. Snyder.  As to the Law Defendants, there is an identity of privies.  The Law Defendants

15

acted as counsel to DVF and represented DVF's interests
throughout the litigation.

Plaintiffs argue that, as to the Law Defendants, there is no
identity of privies because the Law Defendants were not in
privity with DVF in the previous litigation. This argument fails
for two reasons. First, a party and its attorney are in privity
for purposes of res judicata when the claims in the current
proceeding turn on the conduct of the attorney in the earlier
suit. *See Weinberger*, 510 F.3d at 492-93. Here, Plaintiffs'
claims depend on the Law Defendants' conduct while representing
DVF in the prior case. Second, privity exists because the Law
Defendants acted as DVF's agents in the earlier case and during
the execution of the seizure order. *See Field Auto City, Inc. v.
GMC*, 476 F. Supp. 2d 545, 558 n.15 (E.D. Va. 2007) (holding that
a party's agent is its privy under Virginia law for purposes of
res judicata); *Canon U.S.A., Inc. v. Lease Group Res., Inc.*, No.
1:03cv1192, 2007 U.S. Dist. LEXIS 37710, at *17 n.4 (E.D. Va. May
21, 2007) (same).

Plaintiffs also argue that there is no identity of parties
as to Mr. Snyder because Mr. Snyder was not a party to the
previous litigation. However, a voluntary dismissal with
prejudice "is a valid final judgment on the merits" that has res
judicata effect. *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir.
1987); *see also Am. Cyanamid Co. v. Capuano*, 381 F.3d 6, 17 (1st

16

Cir. 2004) ("[A] voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion.") (citations omitted).    Here, although DVF voluntarily dismissed its claims against Mr. Snyder with prejudice in the 2006 action, Mr. Snyder was a party to the litigation at the time that an objection to the search would have been appropriate.    As such, there is an identity of parties.

Even if not a party in the 2006 action, Mr. Snyder and Mrs. Snyder were in privity.    "The concept of privity requires an alignment of interests and not an exact identity of parties." *Weinberger*, 510 F.3d at 492.    Mr. Snyder is Mrs. Snyder's husband and the joint owner of the searched property.    Mr. Snyder shared a home with Mrs. Snyder and shared bank accounts that were subject to the asset freeze agreed to by the parties and ordered by the Court in the 2006 action.    Mr. Snyder's interests are sufficiently aligned with Mrs. Snyder's to establish privity.    As such, because there is both an identity of the cause of action and an identity of the parties or their privies, the Court grants Defendants' separate Motions to Dismiss because Plaintiffs' claims are barred by claim preclusion.

## C.  Costs

The Court denies the Law Defendants' Motion for Payment of
Costs pursuant to Federal Rule of Civil Procedure 41(d) because
neither of the purposes of Rule 41(d) are not served by awarding
costs in this case.  Rule 41(d) provides

> If a plaintiff who has once dismissed an action in any
> court commences an action based upon or including the
> same claim against the same defendant, the court may
> make such order for the payment of costs of the action
> previously dismissed as it may deem proper and may stay
> the proceedings in the action until the plaintiff has
> complied with the order.

FED. R. CIV. P. 41(d).  Costs awarded under Rule 41(d) "are
intended to serve as a deterrent to forum shopping and vexatious
litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108
(8th Cir. 1992) (internal citations omitted); *see also Esposito
v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000); *Larsen v.
Senate of the Commonwealth*, 955 F. Supp. 1549, 1582 (M.D. Pa.
1997).  Courts have broad discretion to award costs under Rule
41(d).  FED. R. CIV. P. 41(d); *Crespo v. WFS Fin., Inc.*, 580 F.
Supp. 2d 614, 624 (N.D. Ohio 2008).

To determine whether costs under Rule 41(d) are appropriate,
courts will look to whether the current action "'is based on or
includ[es]' the same claim against the same party-defendant."
*Esposito*, 223 F.3d at 499 (citing *Szabo Food Serv. v. Canteen
Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987).  Although bad faith
is not required to award costs under Rule 41(d), *Rogers v. Wal-*

*Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000), a good faith reason for the dismissal may provide strong grounds for denying a Rule 41(d) motion. *See Beam Laser Sys. v. Cox Communs., Inc.*, 117 F. Supp. 2d 515, 520 (E.D. Va. 2000).

Awarding costs in this case would deter neither forum shopping nor vexatious litigation. Here, Plaintiffs have at all times sought to litigate their claims in the Eastern District of Virginia. Plaintiffs were preceding pro se in the complex areas of civil rights and trademark law and dismissed their claims to seek assistance of counsel rather than face the potential loss of their claims in a looming motion to dismiss. The Court finds that dismissal under these circumstances was reasonable and not vexatious. As such, the Court denies the Law Defendants' Motion for Payment of Costs and a Stay of Proceedings Pursuant to Federal Rule of Civil Procedure 41(d).

IV.    CONCLUSION

The Court grants Defendants' Motions to Dismiss Counts I through VII of the First Amended Complaint because the claims are barred by claim preclusion. The Court denies the Law Defendants' Motion for Payment of Costs and a Stay of Proceedings Pursuant to Federal Rule of Civil Procedure 41(d) because an award of costs in this case would not serve to deter forum shopping or vexatious litigation. Therefore, it is hereby

19

ORDERED that Defendant Diane Von Furstenberg Studio's Motion to Dismiss Plaintiffs' Complaint is GRANTED.  Counts I through VII of the First Amended Complaint are DISMISSED WITH PREJUDICE.

It is further

ORDERED that Greenberg Traurig Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and Request for Payment of Costs and a Stay of Proceedings Pursuant to Federal Rule of Civil Procedure 41(d) is GRANTED IN PART and DENIED IN PART.  The Court GRANTS the Greenberg Traurig Defendants' Motion to Dismiss.  Counts I through VII of the First Amended Complaint are DISMISSED WITH PREJUDICE.  The Court DENIES their Motion for Payment of Costs and a Stay of Proceedings Pursuant to Federal Rule of Civil Procedure 41(d).

The Clerk is directed to forward a copy of this Order to Counsel.

Entered this _9th_ day of October, 2009.

Alexandria, Virginia

10/ 09 /09

_/s/_

Gerald Bruce Lee
United States District Judge

20